## WALKER *v.* PRESCOTT.

Ale is not spirituous liquor within the meaning of chapter 846 of the laws of this State.

A liquor sold as ale may be so mixed with spirituous liquor as to fall within the prohibition of that statue, forbidding the sale of "any wine or spirituous liquor, mixed or unmixed," &c.

ASSUMPSIT, to recover the sum of $44.50, being a balance due from the defendant, Josiah D. Prescott, for ale sold by the plaintiff, Arthur L. Walker, to him. It appeared that it was sold at various times between January 1, 1853, and November 22, 1854, and that the plaintiff had no license. Upon this evidence the court ruled that the presumption was that ale was not "spirituous liquor" within the meaning of the act in force at the time the sales were made; that the defendant might rebut this presumption by evidence, and that the term "spirituous," as used in the act, meant distilled liquor in contradistinction from fermented liquor; to which ruling the defendant excepted.

The questions arising upon the foregoing case were reserved for the determination of the whole court.

*Morrison, Stanley & Clark*, and *S. K. Mason*, for the defendant.

*Cross & Topliff*, for the plaintiff.

BARTLETT, J. Ale, being produced by fermentation and not by distillation, is not "spirituous liquor" within the meaning of

chapter 846 of the Pamphlet Laws of this State. *People* v. *Crilley,* 20 Barb. 248; *State* v. *Moore,* 5 Blackf. 118; *Nevin* v. *Ladue,* 3 Denio 437; *Commonwealth* v. *Markoe,* 17 Pick. 465; *Commonwealth* v. *Jordan,* 18 Pick. 228; *Commonwealth* v. *Thayer,* 5 Met. 246. But what is sold as ale may be so mixed with spirituous liquor as to fall within the meaning of that statue which prohibited the sale of "any wine or spirituous liquor, mixed or unmixed," &c.; and where that is the fact it may be shown by evidence. *Commonwealth* v. *Bathnick,* 6 Cush. 247; *Commonwealth* v. *White,* 10 Met. 14; *State* v. *Wall,* 34 Me. 165.

*The case is to be discharged.*